Argued and submitted July 22, affirmed November 2, 1981

# FIRST NATIONAL BANK OF OREGON,
*Respondent,*

*v.*

# SCHWERIN et al,
*Respondents,*

*v.*

# JACKSON,
*Appellant.*

(No. A7910-04949, CA 19254)

635 P2d 388

Leonard Gard, Portland, argued the cause for appellant. With him on the brief was Dressler & Granata, Portland.

Sally L. Avera, Dallas, argued the cause for respondent Victor Lee Wachsmuth. With her on the brief was Avera & Avera, Dallas.

Guy A. Randles, Portland, filed the brief for respondent Patricia Schwerin.

Dale F. Evans, Portland, waived appearance for respondent First National Bank of Oregon.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J., dissenting opinion.

## THORNTON, J.

Defendant appeals the trial court's order denying him an interest in a testamentary trust.

The facts are not in dispute. On January 11, 1955, Louis C. Wachsmuth executed his will, which in pertinent part established a trust for his son, Richard T. Wachsmuth.[1] Upon Richard's death, the trust was to be distributed periodically to Richard's "children then surviving" for 21 years. The corpus was then to be distributed to "those of his [Richard's] children who are then surviving." Richard T. Wachsmuth had three children: Patricia Schwerin, born September 6, 1942; Craig James Jackson, born July 24, 1952; and Victor Lee Wachsmuth, born December 17, 1957. On May 7, 1959, 18 years before Richard T. Wachsmuth died on September 27, 1977, Craig was adopted in California by James T. Jackson, his mother's second husband, and took the name Craig James Jackson.

In the present declaratory judgment action brought by the trustee, the court declared that defendants Patricia Schwerin and Victor Wachsmuth were the only beneficiaries of the trust. Defendant Craig Jackson argues on appeal that, although he was lawfully adopted before Richard Wachsmuth's death, he is a "child" of Richard and therefore is eligible to receive income distributions from the trust created by Louis C. Wachsmuth's will.

The parties agree that ORS 111.015[2] mandates the application of the Oregon law in effect on January 11, 1955. ORS 109.041, enacted in 1953 and in effect when Louis C. Wachsmuth executed his will, provided in part:

"(1) The effect of a decree of adoption heretofore or hereafter granted by a court of this state shall be that the relationship, rights and obligations between an adopted person and his descendants and (a) his adoptive parents, their descendents and kindred, and (b) his natural parents, the same to legal intents and purposes after the entry of

---

[1] Louis C. Wachsmuth died on May 1, 1957.

[2] ORS 111.015 provides in pertinent part:

"* * * The construction of a will executed before July 1, 1970, shall be governed by the law in effect on the date of execution unless a contrary intent is established by the will."

such decree as if the adopted person had been born in lawful wedlock to his adoptive parents and had not been born to his natural parents."

The purpose of this statute was to give to the adopted child a status in all respects equivalent to that of a natural child born in lawful wedlock of the adoptive parents and also to abolish the pre-existing status between the natural parents and the child. 1 Jaureguy and Love, Oregon Probate Law and Practice 23, Descent and Distributions § 17 (1958). *See also, Dept. of Rev. v. Martin,* 3 Or App 594, 596-97, 474 P2d 355 (1970). The situs of the adoption, here California, was of no import in 1955, for ORS 111.212 then directed:

"* * * [T]he same effect shall be given to an adoption as it is set forth in ORS 109.041 irrespective of whether the adoption was granted heretofore or hereafter, and *irrespective of whether the adoption was consummated in Oregon.*" (Emphasis added.)

In *Dept. of Rev. v. Martin, supra,* we interpreted ORS 109.041 and ORS 111.212 to mean that:

"* * * An adopted child cannot inherit under the laws of descent and distribution from or through its natural parents." 3 Or App at 599.

We further stated that, by virtue of ORS 111.212, an out-of-state adoption decree must be given the same effect as would have been given had the adoption been granted in Oregon. 3 Or App at 600.

We find that the words "children then surviving" in Louis Wachsmuth's will created a contingent interest, rather than an interest that would vest in the children of Richard Wachsmuth immediately upon Louis' death. *See Pedro v. January,* 261 Or 582, 494 P2d 868 (1972). Because Jackson was not a "child" of Richard's for purposes of the trust at Richard's death, the trial court was correct in finding Patricia Schwerin and Victor Wachsmuth to be the only beneficiaries.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

I dissent.

The result reached by the majority seems patently unjust to me. I believe there is a strong presumption that

Louis Wachsmuth wanted all his son Richard's biological children to be treated alike.[1] That intent should control here. The majority's result frustrates his presumed intent. Furthermore, there is not a scintilla of evidence in the record the biological *or* adoptive parents ever consciously intended to deprive appellant of an opportunity to share in his grandfather's estate.[2] No substantial public purpose is served by such a narrow construction of our statute in the context of this case.

---

[1] Appellant was born in 1952. Louis Wachsmuth executed his will in 1955 and died in 1957. Appellant was adopted in 1959. Therefore, Louis Wachsmuth had no opportunity to express his intent on the issue raised here.

[2] There is no evidence in the record that the matter of the appellant's interest in his grandfather's estate and the legal implications of his adoption *vis-a-vis* that interest were disclosed to the adoption court or that they were even considered by the biological or adoptive parents. Appellant was age seven at the time he was adopted.